MARTORELL, PLAINTIFF AND APPELLEE, v. SIACA, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of San Juan in a Mandamus

No. 2124.—Decided April 8, 1920.

MANDAMUS—NOTARIES—COPIES.—A petition for a writ of mandamus to compel
a notary to issue a copy of a document in his protocol should state clearly
whether the right of the petitioner to the copy is given by the first part or
by the second part of the first paragraph of section 25 of the Notarial Law,
for when the petition is founded on the first part the petitioner should ap-
ply directly to the notary and only in case of his refusal may a writ of man-
damus be asked for; and when the petition is based on the second part,
the party should apply to the court by a petition of merits and not by a
petition for a writ of mandamus.

ID.—ID.—ID.—The authorization given by a district court to a notary, at the
instance of a party, to issue copies of documents in his protocol does not
involve an order or mandate for the issuance of such copies.

The facts are stated in the opinion.

The appellant appeared *pro se.*

*Mr. G. Cruzado Silva* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

On August 8, 1919, Rafael Martorell petitioned the Dis-
trict Court of San Juan, Section 2, for a writ of mandamus
against Ramón Siaca, Jr., commanding him to issue a copy
of each of the following documents: (*a*) A will made by
Manuel Fernández Alonso on June 25, 1897; (*b*) a deed
executed on July 27, 1900, before notary Alvarez Nava for
the liquidation, partition and settlement of the estate of the
deceased Fernández Alonso; (*c*) a deed executed on No-
vember 22, 1916, before notary Francisco Soto Gras for cor-
recting the said partition.

The petitioner alleged that the respondent, a notary pub-
lic, had in his custody the said documents; that he had
brought an action for their annulment in the District Court
of Arecibo and needed copies of them in order to prove the
allegations of the complaint; that on the day before the

court had granted his motion for an order directed to the respondent for the issuance of the copies, he having previously verbally requested the respondent to issue them; that the respondent had both refused the verbal request and also ignored the order of the court authorizing him to issue the copies, and that the respondent's refusal to issue the copies prejudiced his rights because of his urgent necessity of offering them in evidence at the trial of the case.

By an order of the same date, August 8, the Court of San Juan granted the petition and fixed the time within which the respondent should appear and show cause why he had not obeyed the order of the court. The respondent appeared and filed a lengthy answer, alleging, among other things, that the petitioner had not showed that he was an interested party in the documents and that the court's first order only authorized him to issue the copies and did not command him to do so.

It does not appear that any evidence was examined and the district court finally, on August 11, 1919, granted the petition for a writ of mandamus only with regard to the deed of November 22, 1916, correcting the partition of the estate of Manuel Fernández Alonso, without costs. From that ruling the respondent took this appeal.

In the opinion on which the ruling is based the court states that at the hearing the petitioner asked for only a copy of said deed (*c*), waiving the copies of the other two documents (*a*) and (*b*), and continued as follows:

"Copies of documents should be issued to persons who may have a right to them. If the petitioner in this case is not such a person as is mentioned in the first part of section 25 of the Notarial Law (Acts of 1914, page 146), he is among those mentioned in the second part, and there is no doubt that he complied with the requirement of that section by showing to the court the necessity for the issuance of the copy in a verified petition stating that the deed should form a part of the record in an action pending before the District Court of Arecibo to which he was an interested party."

We do not agree with that reasoning. Section 25 cited by the court reads as follows:

"Section 25.—The parties, their ancestors and successors in the subject matter of the contract and any person appearing as interested therein, may apply to and obtain from the notary copies of the original documents. Any other person may also obtain copies of a notarial document upon justified (*sic*) application to a district court, which in its reasonable discretion may issue an order to that effect. * * * "

The first part of the statute quoted authorizes the parties to a public document and any other person interested therein to apply for and obtain from the notary a copy of the original document. And the second part allows any other person, though not a party or not interested in the document, to apply for and obtain a copy thereof by means of a substantiated petition to a district court, which, in its discretion, may issue an order to that effect.

We do not know whether in petitioning for the writ of mandamus the petitioner acted under the first or the second theory, and it was his duty to assume a frank and well defined position, as is required in every judicial controversy. If he acted under the first part of the statute he should have applied directly to the notary for the copy needed and, if refused, he then could petition the district court for a writ of mandamus to compel the notary to issue the copy, under section 1 of the Mandamus Act of March 12, 1903. According to that act, before a petition for a writ of mandamus may be considered the respondent must have denied a request to perform the act sought to be commanded of him; otherwise no right arises for petitioning the court for the writ of mandamus. *Zavala et al.* v. *The Executive Council of Porto Rico,* 9 P. R. R. 191. If the petitioner acted under the second part of the first paragraph of section 25, *supra,* the section itself provides that in order to obtain the copy he must present to the district court a substantiated petition and not a petition for a writ of mandamus. The authorization given

by the district court to the notary to issue the copy is not
an order or mandate for the issuance of it.

The petitioner has not followed the procedure prescribed
by the law in either case and the writ of mandamus is not
the proper means for obtaining the desired relief. The par-
ties can not change the rules of procedure.

The judgment appealed from must be reversed and the
petition for a writ of mandamus denied.

*Reversed.*

Justices Wolf, del Toro and Aldrey concurred.
Mr. Justice Hutchison dissented.